## Richmond.

HUGHES AND OTHERS v. PEEBLES AND OTHERS.

November 18, 1909.

Absent, Buchanan, J.

1. COUNTY TREASURERS—*Commissions on County Levies.*—In computing the treasurer's commissions for collecting and disbursing the country levy, the district school levy, and the road levy—the law on the subject being in doubt and uncertainty—the several sums comprising these levies should be segregated and a commission allowed upon each of the several items for the years prior to the year 1904, in accordance with the construction generally acted on by treasurers and acquiesced in by the public; but for the year 1904 and subsequent years, they should be aggregated as it is expressly provided by statute (section 1515, Code 1904) that "in computing the commissions for collecting and disbursing all sums levied for county, school, and district purposes, the amount shall be treated as one sum, and shall not be divided for the purpose of calculating the treasurer's commissions."

Appeal from a decree of the Circuit Court of Nelson county. Decree for defendants. Complainants appeal.

*Affirmed.*

The opinion states the case.

*Brown & Brown* and *George E. Walker,* for the appellants.

*Caskie & Coleman,* for the appellees.

KEITH, P., delivered the opinion of the court.

Hughes and others, citizens and taxpayers of the county of Nelson, filed their bill on behalf of themselves and others similarly situated against J. R. Peebles, treasurer of Nelson county.

and the board of supervisors and county school board of said county, from which it appears that for a long time past Peebles had been treasurer of Nelson county, and that from the year 1891 to 1906, both inclusive, he had each year withheld large sums of money which it was his duty under the law to carry forward as a credit in favor of Nelson county; the sums thus withheld aggregating $3,991.25. The bill charges that between the years 1891 and 1904 it was provided by law that where the aggregate county levies for any year were in excess of $15,000, the treasurer should receive for collecting and disbursing it a commission of five *per cent.* on the first $15,000 of levies, and on the excess over that sum a commission of three *per cent.;* that during the same period, where the county levies were less than $10,000, the sole compensation of the treasurer for collecting and disbursing the levies should be a commission of five *per cent.* on all levies collected prior to December 1 of each year, and a commission of eight *per cent.* on all levies collected and disbursed after December 1; that the General Assembly of 1904 amended the law so as to allow a commission of three and one-half *per cent.* for collecting and disbursing all levies in excess of $15,000, but in all other respects the law remained the same; that in the county of Nelson, for the years 1891 to 1906, both inclusive, the county levies collected by Peebles, treasurer, and disbursed, as aforesaid, were in excess of $15,000, and therefore the commission allowed to the treasurer would be five *per cent.* on the first $15,000 of levies, and three *per cent.* on all sums in excess of that amount, and for the years 1905 and 1906 a commission of three and one-half *per cent.* on such excess; and yet, the bill charges that the treasurer, in computing his commissions on said levies, deducted and reserved to himself a commission of five *per cent.* on all sums collected prior to December 1 of each year, and a commission of eight *per cent.* on all sums collected after December 1; a commission of eight *per cent.* being deducted upon the theory that each of the funds constituting the county levies, towit: the county levies proper, the school fund

and the road levy, each being less in amount than $10,000, though the three combined were in excess of $15,000, the eight *per cent.* rate of commission and compensation was warranted by law.

The treasurer settled his accounts regularly, as required by law, and it was not until October, 1907, that the facts above stated came to the knowledge of complainants, for they relied upon the board of supervisors, the county school board, and the Commonwealth's attorney of Nelson county to guard the interests committed to their care. At the January, 1908, meeting of the board of supervisors a resolution was adopted employing C. H. Sackett, an expert accountant, to examine and report what liability, if any, rested upon the treasurer by reason of any sums collected by him and not properly accounted for. In July, 1908, the accountant filed his report before the board of supervisors, showing that, in his opinion, large sums had been illegally retained by the treasurer from year to year, the amounts corresponding substantially with the charges made by the complainants in their bill.

The supervisors took this report under consideration, and complainants appeared before them in person and by counsel and urged that the treasurer be required to make good to the county all sums illegally withheld by him by way of commissions and otherwise. The treasurer also appeared in person and by counsel and resisted the demands of the complainants. Thereupon the board, over the protest of the complainants, adopted a resolution, that if the treasurer should refund the amounts illegally withheld for the years 1904, 1905 and 1906, the board would not require him to refund any further sums, thus in effect ignoring the demands of complainants.

The complainants thereupon determined to file their bill, and after the writ in this cause had issued, the attorney for the Commonwealth of Nelson county, acting under a resolution of the board of supervisors, instituted his action at law, in the name of the board of supervisors, against the treasurer and his sureties,

the object of which was to recover so much of the county and road levies as were unlawfully withheld for the years 1904, 1905 and 1906.

The bill alleges that it would be useless that two proceedings seeking the same end in part should progress at one and the same time, and inasmuch as their suit includes the entire ground covered by the action at law and much more, they pray that all proceedings in said action be stayed and enjoined, and that they be granted general relief in the premises, and to that end S. B. Whitehead, attorney for the Commonwealth for Nelson county, and the board of supervisors be served with proper process.

The defendants appeared and demurred to this bill; and, the cause coming on to be heard before the Honorable Daniel A. Grimsley, the demurrer was sustained and the bill dismissed, and to that decree an appeal and supersedeas were allowed.

There is no controversy with respect to the State revenues collected and disbursed by the treasurer of Nelson county. As treasurer, he collected certain county levies, which are taxes laid by the board of supervisors for the use and benefit of the county. There were certain levies also made by the school boards of the county for school purposes, and by the road boards of the several districts, these school boards and road boards being separate and distinct legal entities, and for the several sums thus collected and disbursed it was the duty of the treasurer to state and settle his accounts. The sole question for determination is whether or not, in computing his commissions, these several sums comprising the county levy, the district school levy and the road levy should be brought together and a commission allowed upon the aggregate sum, or be segregated and a commission allowed upon each one of the several items.

We do not deem it necessary to inquire into the state of the law prior to the Code of 1887, except to say that by an act passed by the General Assembly in 1879—Acts of Assembly, 1878-9, p. 318, prescribing the duties, powers and compensation of certain county officers—it was provided in the fifteenth section that

the treasurer "shall be allowed for his services in receiving and disbursing the county and school levies, *which shall be considered to embrace all moneys collected by order of the county authorities for any purpose,* the same rate of compensation as is fixed by the thirtieth section of this act for receiving and paying over the revenue." This section passed into the Code of 1887 as section 614, which provides that "the county treasurer shall be allowed for his services in receiving and disbursing the county and school levies, *including all moneys collected by the order of the county authorities for any purpose* . . . the same rate of compensation allowed by the preceding section for receiving and paying over the revenue, except that for amounts over $15,000 he shall be allowed three *per cent.,"* etc.

The amendment in the Acts of 1878-9, which, as we have seen, passed substantially into section 614 of the Code of 1887, leaves the matter here in controversy in doubt and uncertainty. It continues to be open to question whether the county levies, the school levies and the road levies should be aggregated or segregated in the computation of commissions for their collection and disbursement.

By an amendment which has passed into the Code of 1904 as section 1515, the controversy is put at rest, for it is there declared, among other things, that "in computing commissions for collecting and disbursing all sums levied for county, school and district purposes, the amounts shall be treated as one sum, and shall not be divided for the purpose of calculating the treasurers' commissions."

That is plain, unequivocal language, which cannot be misunderstood, and leaves no room for construction.

The contention of the appellants is that this provision of section 1515 is but declaratory of the law. That position assumes the matter to be determined.

The learned judge who decided the case in the circuit court has not only had great judicial experience, but a wide acquaintance with the administration of affairs in this State, and in his

written opinion, which we regret was not made a part of the record, but which we have seen and considered, he states as one of the reasons for his conclusion that it is in accordance with "the almost universal construction put upon it by public officers whose duty it was to enforce the statute, and acquiesced in by the public." "For I apprehend," says the learned judge, "that it was almost the universal habit of treasurers and boards of supervisors so to regard this statute, even after the amendment of 1878. It is true the bill charges that as far back as 1881 this question was raised in this county and an agreement of compromise was entered into between the parties in respect thereto, but what the exact question was and how it was finally settled is not definitely set out in the plaintiff's bill; so I have reached the conclusion that, down to the act of 1904, this was the proper construction of this statute, and so was almost universally regarded by public officers and acquiesced in by the public, and I am not disposed now to disturb it."

Our information as to the practice of treasurers in computing their commissions coincides with the views expressed by the judge of the circuit court.

It is not altogether clear what the true intent of the law was, but if a particular construction has been generally acted upon and acquiesced in for a long period, it would lead to great hardship and injustice now to disturb it. During all this period treasurers have been elected and re-elected, have stated their accounts before the boards of supervisors, who passed upon and approved them as being made in accordance with the law. To rip up those settlements at this late day might breed litigation that would extend to every county in this State, and cause great hardship to many innocent people.

We are of opinion that the decree should be affirmed, but without prejudice to the rights of the county of Nelson in its action at law against the treasurer and his sureties with respect to the levies of 1904, 1905 and 1906.

*Affirmed.*